IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Candise Gore,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>LC Knight, *in his official capacity as Sheriff of the Dorchester County Sheriff's Office*; Dorchester County Sheriff's Office; Jane Doe, *Deputy of the Dorchester County Sheriff's Office pursuant to 42 U.S.C. § 1983*; First Class Patrol Officer Nadine Perez of the *Summerville Police Department, pursuant to 42 U.S.C. § 1983*; and Town of Summerville,<br><br>　　　　　Defendants. | Case No. 2:22-cv-2322-RMG<br><br>**ORDER AND OPINION** |

This matter is before the Court on the Report and Recommendation ("R & R") of the Magistrate Judge, recommending that Defendant LC Knight's motion to dismiss be granted. (Dkt. No. 18). Plaintiff did not file an objection to the R & R. For the reasons set forth below, the Court adopts the R & R as the order of the Court and dismissed Plaintiff's claim against Defendant Knight.

**I.　Background**

This case arises out of Plaintiff's arrest in June of 2020. Plaintiff alleges that after her arrest, the circumstances of which did not involve a weapon or contraband, she was placed in a holding cell and required to "strip naked . . . and bend over and cough" by Defendant Jane Doe, a Dorchester County Sherriff's Deputy, and Defendant Nadine Perez, a Summerville Police Department Patrol Officer.

1

For her third cause of action, Plaintiff asserts Defendant Knight, Sheriff of Dorchester County, is liable under 42 U.S.C. § 1983 in his individual capacity under a theory of supervisory liability. (Dkt. No. 9, ¶ 27-29). Plaintiff also named Defendant Knight in his official capacity in the caption of the Complaint. (*Id.* at caption).

Defendant Knight filed a motion to dismiss. (Dkt. No. 14). Plaintiff filed a response in opposition to Defendant Knight's motion to dismiss, (Dkt No. 16), to which Defendant Knight replied (Dkt. No. 17). All pretrial proceedings in this case were referred to the Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.). Accordingly, the Magistrate Judge issued an R & R recommending the Court grant Defendant Knight's motion to dismiss. Plaintiff did not file an objection. The matter is now ripe for the Court's review.

## II. Standard

### A. Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.* Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation," *see Diamond v. Colonial Life & Accident*

*Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted), and this Court is not required to give any explanation for adopting the recommendation of the Magistrate Judge, *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

### B. Motion to Dismiss Under Rule 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses . . . . Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (quotation marks and citation omitted). In a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, while the Court must accept the facts in a light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

3

### III. Discussion

The Court has reviewed the Magistrate Judge's analysis in the R & R and concludes that the Magistrate Judge correctly applied the relevant law to this case and therefore agrees with and wholly adopts the R & R as the order of the Court.

Specifically, the Court agrees with the Magistrate Judge that Defendant Knight cannot be sued in his official capacity under the Eleventh Amendment. The Magistrate Judge correctly noted that, under the Eleventh Amendment, federal courts are barred from hearing claims against a state or its agents and that, in South Carolina, a sheriff's office is an agency of the state. Accordingly, the Magistrate Judge correctly recommended that Plaintiff's claim against Defendant Knight in his official capacity should be dismissed.

The Court also agrees with the Magistrate Judge that Plaintiff did not sufficiently plead facts for her theory of supervisory liability to maintain a claim against Defendant Knight in his individual capacity. To hold a supervisor liable for a constitutional injury inflicted by a subordinate under § 1983, Plaintiff must show facts establishing the following elements: (1) the supervisor had actual or constructive knowledge that a subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to people like the plaintiff; (2) the supervisor's response was so inadequate as to constitute deliberate indifference or tacit authorization of the subordinate's conduct; and (3) there is an "affirmative casual link" between the supervisor's inaction and the plaintiff's constitutional injury. *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994). The first element requires Plaintiff to show Defendant Knight had actual or constructive knowledge that Defendant Doe was engaged in the alleged unconstitutional conduct. For constructive knowledge, which is what Plaintiff relies on, Plaintiff must allege sufficient facts to show the conduct "is widespread, or at least has been used on several different occasions." *Shaw*,

13 F.3d at 799. The Magistrate Judge correctly noted that the Amended Complaint did not contain any allegations of misconduct by Defendant Doe except for the incident at issue here. And because a "single allegation of misconduct by a subordinate is not enough to hold a supervisor liable on a § `983 claim under a theory of supervisory liability," *Beaufort v. Thompson*, No. 22-cv-01197, 2021 WL 1085313, at *4-5 (D.S.C. Mar. 22, 2021), the Magistrate Judge correctly recommended that Plaintiff's claim against Defendant Knight in his individual capacity should be dismissed.

**IV.    Conclusion**

For the reasons above, the Court **ADOPTS** the R & R as the order of the Court. Defendant Knight's Motion to Dismiss (Dkt. No. 14) is **GRANTED**, and Plaintiff's Third Cause of Actions is **DISMISSED** without prejudice.

s/ Richard M. Gergel
Richard M. Gergel
United States District Judge

December 7, 2022
Charleston, South Carolina