**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| Candise Gore, | Civil Action No. 2:22-cv-2322-RMG |
| Plaintiff, | |
| v. | **ORDER** |
| Dorchester County Sheriff's Office, *et al*. | |
| Defendants. | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge regarding Defendants' partial motions to dismiss. (Dkt. No. 53). The Magistrate Judge recommends that the partial motions to dismiss be granted in part and denied in part. Plaintiff has filed an objection only regarding the Magistrate Judge's recommendation that the Sixth Cause of Action, for reckless infliction of emotional distress, be dismissed. (Dkt. No. 54). Defendants have filed a reply to Plaintiff's objection. (Dkt. No. 56).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted).

1

Plaintiff alleges in her Second Amended Complaint (Dkt. No. 40) that on June 18, 2020 she was subjected to a full strip search at the Dorchester County Detention Center after an arrest for domestic violence, which included a requirement that she remove her tampon in the presence of Detention Center staff and spread her vaginal body cavity. (*Id*. ¶ 35).  Plaintiff alleges that under Detention Center policy only arrestees who are to be placed into the general prison population must undergo a strip search, and a body cavity search can only be conducted on probable cause with a search warrant and must only be conducted by certified medical personnel. (*Id*. ¶ 20). Plaintiff further alleges she was not placed into the general prison population, and there was no reasonable basis to conduct a full strip search or to require that she remove her tampon in the presence of Detention Center personnel.  Plaintiff asserts that as a result of defendants' conduct, she suffered shock, humiliation, shame and anxiety. (*Id*. ¶ 38).  Plaintiff asserts various state and federal causes of action, including a claim under the South Carolina Tort Claims Act for reckless infliction of emotional distress. (*Id.* ¶¶ 69-81). Since the motion before the Court is at the motion to dismiss stage, the Court must presume the facts set forth in the complaint are true and view them in a light most favorable to the non-moving party. *Mylan Laboratories, Inc. v. Mataki,* 7 F.3d 1130, 1134 (4th Cir. 1993).

The Magistrate Judge recommends the following regarding the Defendants' partial motions to dismiss to which no party has filed objections:

1.      Dismissal of Defendant Beatty as a party because he was not employed by the Dorchester County Sheriff's Office at the time of the challenged strip search (Dkt. No. 53 at 10);

2.      Dismissal of Dorchester County as a party because it is not responsible for the conduct of the Dorchester County Sheriff's Office and its employees (*Id*. at 11-14);

2

3.      Dismissal of the First and Second Causes of Action against Defendants Knight, Darling, Taylor and Branch because there are not well pleaded facts that allege that they were involved in the challenged strip search (*Id*. at 14-16);

4.      Denial of the motion to dismiss the claims against Defendant Knight under the Fourth Cause of Action regarding supervisory liability (*Id*. at 17-20); and

5.      Denial of the motion to dismiss claims against Defendant Baldwin in the First and Second Cause of Action under a bystander claim but grant of the motion to dismiss the Fourth Cause of Action because Baldwin was not a supervisor (*Id*. at 20-24).

After carefully reviewing the R & R regarding the claims set forth above, as well as the Second Amended Complaint and relevant case law, the Court finds that the Magistrate Judge correctly analyzed the legal and factual issues in Paragraphs 1-5 above.  Therefore, the Court adopts Sections I, II, and III(B) of the R & R as the order of the Court.

The Magistrate Judge further recommended that the Court dismiss Count VI of the Second Amended Complaint, which alleged a claim of reckless infliction of emotional distress.  This issue turns on whether the bar under the South Carolina Tort Claims Act regarding claims for intentional infliction of emotional distress, S.C. Code § 15-78-30(f), also includes claims of reckless infliction of emotional distress.

The South Carolina Tort Claims Act defines a recoverable loss under the statute as any loss "recoverable in actions for negligence," and explicitly excludes losses from "the intentional infliction of emotional harm." S.C. Code § 15-78-30(f). The question of whether the bar to claims of "intentional infliction of emotional harm" includes claims of reckless infliction of emotional distress has been the subject of some uncertainty in recent years.

When the South Carolina Supreme Court first recognized the tort of outrage, otherwise known as intentional infliction of emotional distress, it relied upon Section 46 of the Restatement (Second) of Torts. *Ford v. Hutson*, 276 S.E.2d 776, 778 (S.C. 1981). The Restatement (Second) of Torts defines the tort of outrage as applying to "one who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress . . . ." The comment section of Section 46 distinguishes between "intention and recklessness," noting that the tort applies where the tortfeasor "acts recklessly . . . in deliberate disregard of the high degree of probability that the emotional distress will follow." Rest. (2d) of Torts, § 46, comment (i).

In *Bass v. South Carolina Department of Social Services*, 780 S.E.2d 252, 260-61 (S.C. 2015), the South Carolina Supreme Court appears to have implicitly recognized the viability of a reckless infliction of emotional distress claim under the South Carolina Tort Claims Act, although ultimately ruling that the record evidence was not sufficient to constitute the tort of outrage.

In a recent report and recommendation of a federal magistrate judge, it was recommended that a motion to dismiss a claim for reckless infliction of emotional distress under the South Carolina Tort Claims Act be denied because the bar under the South Carolina Tort Claims Act applied only to intentional and not reckless conduct. *Munday v. Beaufort County*, C.A. No. 9:20-02144-DCN-MHC, 2022 WL 19404621 at *14-15 (D.S.C. Oct. 28, 2022), *report and recommendation adopted in part and rejected in part,* C.A. No. 9:20-02144-DCN, 2023 WL 2643792 at *9-10 (D.S.C. March 27, 2023). The District Court declined to adopt that portion of the magistrate judge's report and recommendation, finding that, although the Court was "confronted with a question of ambiguity" regarding the scope of the term "intentional infliction of emotional harm," a claim of reckless infliction of emotional distress was barred by the Tort Claims Act. *Munday*, 2023 WL 2643792 at *8-9 (D.S.C. 2023). Other South Carolina District

4

Court decisions have similarly interpreted the South Carolina Tort Claims Act to bar claims of reckless infliction of emotional distress. *See*, *Faulkner v. York County School District*, C.A. No. 0:21-cv-02090-JMC, 2022 WL 673684, at \*9 (D.S.C. March 7, 2022); *Anderson v. Dorchester County*, C.A. No. 2:20-02084-DCN, 2021 WL 1186637, at \*15 (D.S.C. March 30, 2021).

In light of the ambiguity existing in the current case law, the Court has certified this question to the South Carolina Supreme Court under South Carolina Appellate Court Rule 244. Consequently, the Court denies Defendants' motion to dismiss the claim of reckless infliction of emotional distress at this time without prejudice and with leave to restore the motion once the South Carolina Supreme Court responds to the Court's certified question.

## Conclusion

Based on the foregoing, the Court adopts Sections I, II, and III(B) of the R & R as the Order of the Court.   The Court declines to adopt Section III(A) of the R & R at this time.  Consequently, the Court (1) dismisses Defendant Beatty as a party in this action; (2) dismisses Dorchester County as a party to this action; (3) dismisses the claims against Defendant Knight in the First and Second Causes of Action but denies the partial motion to dismiss regarding the Fourth Cause of Action; (4) dismisses claims in the First and Second Cause of Action against Defendants Darling, Taylor and Branch; (5) denies the motion to dismiss the claims against Defendant Baldwin in the First and Second Causes of Action but grants the motion to dismiss the claims against Defendant Baldwin in the Fourth Cause of Action; and (6) denies the motion to dismiss the Sixth Cause of Action without prejudice and with leave to restore once the South Carolina Supreme Court responds to the Court's certified question.

**AND IT IS SO ORDERED.**

_s/ Richard Mark Gergel_____
Richard Mark Gergel
United States District Judge

June 9, 2023
Charleston, South Carolina